1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 31, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES A.,

          Plaintiff,

          v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

No. 2:19-CV-0282-JTR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment.  ECF
No. 15, 17.  Attorney Chad L. Hatfield represents James A. (Plaintiff); Special
Assistant United States Attorney Shata Ling Stucky represents the Commissioner
of Social Security (Defendant).  The parties have consented to proceed before a
magistrate judge.  ECF No. 7.  After reviewing the administrative record and the
briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary
Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income in March
2014, alleging disability since June 15, 2011, due to chronic neck and shoulder

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

pain; loss of feeling in both arms; nerve damage in both hands; headaches; arthritis in shoulder and spine; and torn rotator cuff of left shoulder.  Tr. 159, 188.  The application was denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Caroline Siderius held a hearing on May 9, 2016, Tr. 33-69, and issued an unfavorable decision on June 7, 2016, Tr. 20-28.  The Appeals Council denied Plaintiff's request for review on June 17, 2019.  Tr. 1-6.  The ALJ's June 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on August 15, 2019.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on October 29, 1964, and was 49 years old on the disability application date, March 14, 2014.  Tr. 159.  He completed high school in 1982.  Tr. 54, 189.  Plaintiff testified at the administrative hearing on May 9, 2016, that he last worked for a window manufacturing company in 2011.  Tr. 41-42.  Plaintiff's disability report indicates he worked for that window manufacturing company starting in 2008 but stopped working altogether in June 2011 because of his conditions.  Tr. 188-190.

Plaintiff testified at the administrative hearing that he has had trouble with his shoulders for about 10 years.  Tr. 41.  He indicated 90 percent of the time he wears a sling for his left arm, which was recommended by his treating physician Dr. Gaddy, and puts a pillow under his left arm while sitting on a couch to support the weight of the arm.  Tr. 43, 62.  He stated he tries to not use his left arm at all.  Tr. 49.

Plaintiff testified he is only able to stand and/or walk a couple of hours at one time before needing to sit.  Tr. 44, 45.  He stated that putting on his socks or shoes can aggravate the left shoulder (making it pop or dislocate), so he has modified the way he dresses by using only his right arm.  Tr. 46-47.  He indicated he is able to dress, eat and drink and do some household tasks, but he no longer

mows the law, goes fishing, lifts heavy things, or works on his cars.  Tr. 47, 50, 67.  He is able to use a computer, but he tries to only use his right arm and his right hand will go to sleep and cramp up after about 10 minutes of use.  Tr. 48, 49.  He is also able to drive, but he switches hands, back and forth, while driving.  Tr. 52.

Plaintiff testified he has been prescribed hydrocodone, ibuprofen and a muscle relaxer, and he indicated the medications did help.  Tr. 51.  He stated that using a heating pad and a hot tub also helped his shoulder pain.  Tr. 45.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 7, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 14, 2014, the disability application date. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: osteoarthritis of the bilateral shoulders and asthma. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 22-23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: he could lift or carry up to 20 pounds occasionally and 10 pounds frequently and had no limitations in standing, walking or sitting; he could occasionally stoop, crouch,

and kneel, but could never climb ladders, ropes or scaffolds; he could not reach overhead and could not push or pull with the left dominant arm; he could occasionally reach in other directions with the left dominant arm; he could occasionally handle and frequently finger and feel with the left hand; he could occasionally reach overhead with the right arm, but frequently reach in all other directions; he could frequently handle, finger and feel with the right hand; he could have no exposure to unprotected heights or the operation of vibrating machinery; and he must avoid uneven surfaces and concentrated exposure to odors, dusts, gases and fumes.  Tr. 23.

At step four, the ALJ found Plaintiff was not able to perform his past relevant work.  Tr. 26.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of sandwich board carrier, counter clerk and usher.  Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 14, 2014, the disability application date, through the date of the ALJ's decision, June 7, 2016.  Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues of review:  (1) Did the ALJ err in improperly rejecting the opinions of Plaintiff's medical providers; (2) Did the ALJ err in failing to find Plaintiff's impairments meet or equal a Listing at step three; (3) Did the ALJ err in rejecting Plaintiff's subjective complaints; and (4) Did the ALJ err in failing to conduct an adequate analysis at step five?  ECF No. 15 at 6.

1

**DISCUSSION**

2

**A.    Medical Opinion Evidence**

3        Plaintiff contends the ALJ erred by failing to accord greater weight to the

4  medical opinions of examining physician W. Rex Stahly, M.D., and reviewing

5  physician J. Dalton, M.D.  ECF No. 15 at 9-11.

6        In a disability proceeding, the courts distinguish among the opinions of three

7  types of acceptable medical sources:  treating physicians, physicians who examine

8  but do not treat the claimant (examining physicians) and those who neither

9  examine nor treat the claimant (nonexamining physicians).  *Lester*, 81 F.3d at 830.

10  A treating physician's opinion carries more weight than an examining physician's

11  opinion, and an examining physician's opinion is given more weight than that of a

12  nonexamining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004);

13  *Lester*, 81 F.3d at 830.  In weighing the medical opinion evidence of record, the

14  ALJ must make findings setting forth specific, legitimate reasons for doing so that

15  are based on substantial evidence in the record.  *Magallanes v. Bowen*, 881 F.2d

16  747, 751 (9th Cir. 1989).

17        Dr. Stahly completed a Physical Functional Evaluation form report on

18  February 20, 2015.  Tr. 241-245.  Dr. Stahly wrote that Plaintiff had severe left

19  shoulder spasm and loss of motion and mild right shoulder rotator cuff syndrome.

20  Tr. 243.  He opined the impairments caused Plaintiff to be "severely limited" or

21  unable to meet the demands of sedentary work.  Tr. 242.  On March 13, 2015, Dr.

22  Dalton reviewed the record, which included only the report of Dr. Stahly and a

23  2007 report of Dr. Gaddy, Tr. 246, and assessed "severe limitation" in gross or fine

24  motor skill restrictions based on internal derangement of the shoulder and

25  degenerative joint disease, Tr. 247, 248.  He wrote that Plaintiff's left shoulder was

26  "frozen" and the right shoulder was sore but usable.  Tr. 248.  Dr. Dalton checked

27  a box indicating Plaintiff was able to perform "less than sedentary" level work.  Tr.

28  247.

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

1   The ALJ accorded no weight to the reports of Drs. Stahly and Dalton.  Tr.

2   26.  The ALJ noted Dr. Stahly acknowledged he did not review any radiology

3   imaging and did not indicate any other objective medical evidence in support of his

4   assessed limitations and that Dr. Dalton based his opinion on Dr. Stahly's report.

5   Tr. 26.  The ALJ concluded the opinions of these medical professionals were

6   unsupported by objective medical evidence and the clinical findings documented

7   by other physicians of record.  *Id.*

8       The Ninth Circuit has held that the Commissioner need not accept a

9   physician's opinion that is brief, conclusory, and inadequately supported by

10  clinical findings.  *See Batson v. Commissioner of Social Security Administration*,

11  359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th

12  Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a

13  treating physician, if that opinion is brief, conclusory, and inadequately supported

14  by clinical findings."); *Holohan v. Massanari*, 246 F.3d 1195, 1202 n. 2 (9th Cir.

15  2001) (stating that a physician's opinion may be "entitled to little if any weight"

16  where the physician "presents no support for her or his opinion"); *Tonapetyan v.

17  Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("When confronted with conflicting

18  medical opinions, an ALJ need not accept a treating physician's opinion that is

19  conclusory and brief and unsupported by clinical findings."); *Magallanes v.

20  Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Crane v. Shalala*, 76 F.3d 251, 253 (9th

21  Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an

22  explanation of the bases for their conclusions).

23      As indicated by the ALJ, Dr. Stahly's report lists no laboratory, imaging,

24  range of motion or other diagnostic test results that he reviewed, Tr. 243, yet he

25  concluded Plaintiff would be severely limited and unable to meet the demands of

26  even sedentary work for an unknown period of time, Tr. 242.  Tr. 26.  Although

27  Dr. Stahly recorded a restricted range of motion in Plaintiff's shoulders, Tr. 245,

28  these findings do not support the significant restrictions assessed by Drs. Stahly

ORDER GRANTING DEFENDANT'S MOTION . . . . - 7

and Dalton regarding Plaintiff's handling abilities, fine motor functioning and abilities to stand, walk and sit. Tr. 26, 243, 247. Reviewer Dalton provided no objective findings in support of his assessed limitations. The conclusory limitation findings of Drs. Stahly and Dalton are unsupported.

As determined by the ALJ, the reports of Drs. Stahly and Dalton, were additionally inconsistent with the objective medical evidence of record and the clinical findings documented by other physicians. *See* Tr. 229-231 (2006 evaluation with treating physician James Gaddy, M.D., revealed limited range of motion in Plaintiff's shoulders but a restriction to light exertion level work); 233 (Dr. Gaddy noted full range of motion in June 2014); 235-237 (Plaintiff reported to Robert J. Rose, M.D., in June 2014 that he was able to walk, sit, and stand without difficulty; Dr. Rose found Plaintiff's motor strength was 4-5/5 in all elements affecting the shoulders, elbows, wrists, hips, knees and ankles, overall dexterity was adequate, and ability to handle, grasp and manipulate did not appear to be affected); 240 (June 2014 imaging reveals only mild osteoarthritis of the bilateral shoulders and acromioclavicular joints); 85-88 (state agency reviewing physician Gordon Hale, M.D., opined in October 2014 that Plaintiff was capable of performing light exertion level work with some postural, reaching and environmental limitations); 267 (July 2015 examination revealed 5/5 strength in upper and lower extremities); 257 & 280 (examination with Steven R. Goodman, M.D., in April 2016 revealed restricted range of motion in the shoulders but 5/5 strength in upper extremities without focal deficit or hand atrophy; Dr. Goodman noted Plaintiff was able to transfer on and off the exam table and remove his shoes and clothing with no pain behaviors); and 37-40 (May 2016 testimony of medical expert Robert C. Thompson, M.D., revealed a reduced range of motion in both shoulders but no evidence of muscle atrophy in either hand, intact fine manipulation and dexterity and no loss of fine or gross movement in the upper

///

extremities).  The opinions of Drs. Stahly and Dalton are not supported by the weight of the record evidence.

The Court finds the reports of Drs. Stahly and Dalton are unsupported and inconsistent with the weight of the record evidence.  The ALJ thus provided specific and legitimate reasons, supported by substantial evidence, for assigning no weight to the opinions of Drs. Stahly and Dalton.

**B.    Step Three**

Plaintiff next contends the ALJ erred at step three of the sequential evaluation process by failing to properly assess whether Plaintiff was disabled under Listing 1.02B.  ECF No. 15 at 11-12.

The Listings describe, for each of the major body systems, impairments that are severe enough to prevent an individual from doing any gainful activity, regardless of age, education, or work experience.  20 C.F.R. § 416.925(a).  Each Listing specifies the objective medical and other findings needed to satisfy the criteria of that Listing.  A diagnosis alone is insufficient; a medically-determinable impairment must also satisfy all of the criteria of the Listing, 20 C.F.R. § 416.925(d), and Plaintiff bears the burden of establishing that an impairment satisfies the requirements of a Listings impairment, *Tackett*, 180 F.3d at 1098-1099; 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).  A generalized assertion of functional problems is not enough to establish disability at step three of the sequential evaluation process.  *Tackett*, 180 F.3d at 1100.

Plaintiff's opening brief asserts he is disabled pursuant to Listing 1.02B, ECF No. 15 at 12, but Plaintiff fails to address the specific requirements of Listing 1.02B or how the evidence of record satisfies the criteria of this Listing.  Courts will not consider matters on appeal that are not specifically and distinctly argued in an opening brief.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  The Ninth Circuit has repeatedly admonished that the Court should not consider any claims that were not actually argued in an appellant's

opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Rather, the Court should "review only issues which are argued specifically and distinctly in a party's opening brief." *Id.*; *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

In any event, the Court finds the ALJ committed no error at step three in this case.

Listing 1.02B explains when a claimant with a major dysfunction of an upper extremity joint has a condition so serious that it is *per se* disabling. 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.02B (major dysfunction of an upper extremity joint resulting in inability to perform fine and gross movements effectively). Examples of inability to perform fine and gross movements effectively include the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. 20 C.F.R. Par 404, Subpt. P, App. 1, § 1.00B2c. The record contains no evidence of Plaintiff being limited to such an extent.[1] Plaintiff's step three argument is without merit.

**C.    Plaintiff's Symptom Testimony**

Plaintiff next contends the ALJ erred by rejecting his subjective complaints. ECF No. 15 at 12-17.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent

---

[1]While Plaintiff asserts the severe limitations assessed by Dr. Dalton support a finding that he is disabled pursuant to Listing 1.02B, ECF No. 15 at 12, Dr. Dalton's opinion, as discussed above, was properly rejected by the ALJ in this case. *See supra*.

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 24.

The ALJ first determined the objective medical evidence did not support a finding that his RFC was less than assessed in the decision. Tr. 24.

A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991) (Once a claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject the claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.); *Robbins v. Soc. Sec. Admin*., 466 F3d 880, 883 (9th Cir. 2006) (An ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence.").

The ALJ noted June 2014 x-rays revealed mild osteoarthritis of the bilateral shoulders and acromioclavicular joints. Tr. 24, 240. The ALJ further discussed the medical opinion evidence, beginning with Plaintiff's long-time primary care physician, Dr. Gaddy, who found Plaintiff's shoulder issues limited him to light exertion level work in 2006, Tr. 229-231, but noted in June 2014 that Plaintiff had a full range of motion in his shoulders, Tr. 233. Tr. 24. In June 2014, Plaintiff

reported to examining physician Rose that he was able to walk, sit, and stand without difficulty.  Tr. 25, 235.  Dr. Rose determined Plaintiff's motor strength was 4-5/5 in all elements affecting the shoulders, elbows, wrists, hips, knees and ankles, overall dexterity was adequate, and ability to handle, grasp and manipulate did not appear to be affected.  Tr. 25, 237.  Dr. Hale, a state agency reviewing physician, opined in October 2014 that Plaintiff was capable of performing light exertion level work with some postural, reaching and environmental limitations.  Tr. 25-26, 85-88.  In April 2016, examiner Goodman found that Plaintiff had 5/5 strength in his upper extremities without focal deficit or hand atrophy.  Tr. 25, 257.  Dr. Goodman noted Plaintiff was able to transfer on and off the exam table and remove his shoes and clothing with no pain behaviors.  Tr. 25, 257.  Finally, in May 2016, medical expert Thompson opined that Plaintiff was capable of light exertion level work with some restrictions.  Tr. 25, 37-40.

Based on the foregoing, the credible medical evidence of record[2] does not align with Plaintiff's allegations of completely disabling symptoms in this case.  Consequently, the ALJ's finding that the objective medical evidence of record is inconsistent with Plaintiff's allegations is supported by substantial evidence.

The ALJ next indicated Plaintiff had largely undergone only conservative treatment measures.  Tr. 24.

Evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding severity of an impairment.  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (being treated with over-the-counter pain medication is an example of "evidence of 'conservative treatment'" that is "sufficient to discount a claimant's testimony regarding severity of an impairment.");  *Johnson v. Shalala*,

---

[2]As discussed in Section A, above, the opinions of Drs. Stahly and Dalton were properly rejected by the ALJ as unsupported and inconsistent with the weight of the record evidence.  *See supra*.

ORDER GRANTING DEFENDANT'S MOTION . . . - 12

60 F.3d 1428, 1434 (9th Cir. 1995) (finding conservative treatment suggests a lower level of both pain and functional limitation).

As indicated by the ALJ, Tr. 24, Plaintiff has undergone very sporadic treatment with primarily conservative measures such as over-the-counter pain medication and prescribed anti-inflammatory medications.  Tr. 257-258 (physical therapy referral), 262-263 (note of over-the-counter pain medication usage, prescription for pain medications and referral to physical therapy), 281 (referral to physical therapy).  As noted by the Commissioner, ECF No. 17 at 12, Plaintiff did not dispute the accuracy of the ALJ's statement regarding Plaintiff's conservative treatment, he merely emphasized he did not have health insurance during much of the relevant time period, *see* ECF No. 15 at 14-15.  Nevertheless, when Plaintiff was able to meet with doctors regarding his symptoms, he was in fact only treated with conservative measures, including medication management and physical therapy.

Plaintiff's history of conservative treatment was a valid reason to discount his testimony regarding the severity of his impairments.

The ALJ additionally noted inconsistencies within the record that detracted from Plaintiff's reliability regarding his impairments.  Tr. 26.

In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony.  *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).  When a claimant fails to be a reliable historian, "this lack of candor carries over" to other portions of his testimony.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Contrary to Plaintiff's testimony at the administrative hearing that he is only able to stand and/or walk a couple of hours at one time before needing to sit, Tr. 44, 45, and that putting on his socks or shoes aggravates his left shoulder (making it pop or dislocate), Tr. 46-47, Plaintiff reported to Dr. Rose in June 2014 that he

ORDER GRANTING DEFENDANT'S MOTION . . . - 13

was able to walk, sit, and stand without difficulty, Tr. 235, and Dr. Goodman noted in April 2016 that Plaintiff was able to transfer on and off the exam table and remove his shoes and clothing with no pain behaviors, Tr. 257.  Tr. 26.  The ALJ properly found the foregoing inconsistencies detracted from Plaintiff's reliability regarding his impairments.

The ALJ also concluded Plaintiff's activities of daily living were inconsistent with any greater limitations than those assessed by the ALJ.  Tr. 24, 26.  It is well-established that the nature of daily activities may be considered when evaluating credibility.  *Fair*, 885 F.2d at 603.  The ALJ noted the record reflected Plaintiff was able to perform minimal cooking, cleaning and shopping, Tr. 235, and Plaintiff testified he was able to dress, do some household tasks (clean dishes and vacuum), and drive a car, Tr. 47, 52, 67.  Tr. 26.  It appears it was proper for the ALJ to note Plaintiff's activities of daily living as contrary to his subjective complaints.  However, even if it were improper for the ALJ to find Plaintiff's level of activity inconsistent with his subjective complaints, *see Fair*, 885 F.2d at 603 (one does not need to be "utterly incapacitated" to be disabled); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."), the Court would find this error harmless given the ALJ's other supported reasons for finding Plaintiff less than fully credible.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1160, 1163 (9th Cir. 2008) (upholding adverse credibility finding where ALJ provided four reasons to discredit claimant, two of which were invalid); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming credibility finding where one of several reasons was unsupported by the record).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

1989).  It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review.  42 U.S.C. § 405(g).  After reviewing the record, the Court finds the ALJ provided clear and convincing reasons, supported by the record, for discounting Plaintiff's symptom allegations in this case.  The ALJ did not err in this regard.

## D.    Step Five

Plaintiff contends the ALJ erred at step five of the sequential evaluation process by relying on the vocational expert's testimony in response to an incomplete hypothetical; a hypothetical that did not reflect all of Plaintiff's limitations.  ECF No. 15 at 17-18.

As determined above, the ALJ did not err by rejecting the reports of Drs. Stahly and Dalton and by finding Plaintiff's symptom allegations were not entirely credible.  As such, the ALJ's ultimate RFC determination is supported by substantial evidence and free of error.

The ALJ's RFC determination held that Plaintiff could perform light exertion level work with certain postural, manipulative and environmental limitations.  Tr. 23.  At the administrative hearing held on May 9, 2016, the vocational expert testified that with the restrictions assessed by the ALJ, Plaintiff retained the capacity to perform a significant number of jobs existing in the national economy, including the positions of sandwich board carrier, counter clerk, and usher.  Tr. 27, 55-57.  Since the vocational expert's testimony was based on a proper RFC determination by the ALJ, the ALJ did not err at step five of the sequential evaluation process in this case.

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision should be affirmed.  Therefore, **IT IS HEREBY ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED August 31, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 16